KHOUZAM, Judge.
 

 Michael J. McCormack appeals a final judgment that granted James R. Flens’ motion for directed verdict as to civil theft after the return of a favorable jury verdict. We reverse and remand with directions to reinstate the jury verdict in favor of Mr. McCormack.
 

 The evidence, taken in the light most favorable to Mr. McCormack, reflects that Mr. McCormack paid Dr. Flens, a psychologist, an $8000 retainer to conduct a child custody evaluation. Dr. Flens then spent several hours interviewing Mr. McCor-mack and his former wife, performing psychological tests, and reviewing records. In September 2006, Mr. McCormack and his former wife reached an agreement regarding child custody. Mr. McCormack then called Dr. Flens twice to ask for a refund of the unearned portion of the retainer. Mr. McCormack also sent a certified letter to Dr. Flens on December 1, 2006, in which he sought a refund and an itemized statement of the actual hours billed in his case. When Dr. Flens did not return the money, Mr. McCormack’s attorney sent a letter demanding treble damages for civil theft. Mr. McCormack subsequently filed suit against Dr. Flens.
 

 On March 28, 2007, Dr. Flens’ attorney sent an accounting of the hours billed in Mr. McCormack’s case and offered to return the retainer balance of $4250 in exchange for the voluntary dismissal of the lawsuit. On that same day, Mr. McCor-mack’s attorney sent a revised demand letter seeking treble damages based upon the $4250 amount. On May 15, 2007, the trial court granted Mr. McCormack’s motion to amend his complaint to reflect the adjusted amount. The file stamp, however, indicated that the amended complaint was filed on April 3, 2007.
 

 Following a trial, the jury returned a verdict in favor of Mr. McCormack as to conversion and civil theft. The trial court granted Dr. Flens’ renewed motion for a directed verdict on the civil theft claim on the grounds that Mr. McCormack failed to comply with the notice requirements of the civil theft statute and because there “were no overt actions to evince [Dr. Flens’] intent to deprive [Mr. McCormack] as a civil theft.” For the reasons discussed below,
 
 *181
 
 we find that the trial court erred in granting Dr. Flens’ motion.
 

 Under the civil theft statute, a potential plaintiff must first make a written demand for payment upon a defendant and, if the defendant complies with the demand within thirty days, the defendant is released from further liability.
 
 See
 
 § 772.11, Fla. Stat. (2006). Because Mr. McCormack apparently filed his amended complaint less than thirty days after the second demand letter was delivered to Dr. Flens’ attorney, the trial court determined that a directed verdict should be granted on this basis. We disagree. Dr. Flens never paid the amended treble damage amount, and thus he failed to demonstrate that he was prejudiced by the premature filing.
 
 [1]
 

 See Christopher Adver. Group, Inc. v. R & B Holding Co.,
 
 883 So.2d 867, 875-76 (Fla. 3d DCA 2004) (finding that trial court erred in granting directed verdict because defendant never paid the treble damage amount and did not suffer any harm from the premature filing of the civil theft claim). Dr. Flens also failed to raise this issue in a motion to dismiss or a motion for summary judgment.
 
 See In re Naturally Beautiful Nails, Inc.,
 
 262 B.R. 131, 135 (Bankr.M.D.Fla.2001) (“By its failure to timely seek a dismissal of the claim ... and the parties having proceeded with extensive discovery and preparation for trial, this Court is satisfied that [the defendant] is estopped to raise the defense now.”).
 

 We further find that there was evidence in the record to support the jury’s verdict in favor of Mr. McCormack on the civil theft claim. In his March 28, 2007, letter, Dr. Flens’ attorney conceded that Dr. Flens owed Mr. McCormack a retainer balance of $4250. Dr. Flens, however, did not attach a check or a promissory note to the letter and did not otherwise return the money to Mr. McCormack. Under these facts, a jury could conclude that Dr. Flens was hable for civil theft because he kept the retainer balance after acknowledging that the money belonged to Mr. McCor-mack.
 
 See
 
 § 812.014.
 
 [2]
 

 We therefore conclude that the trial court erred in granting Dr. Flens’ renewed motion for a directed verdict. Accordingly, we reverse and remand with directions to reinstate the jury verdict as to the civil theft count.
 

 Reversed and remanded.
 

 WHATLEY and DAVIS, JJ„ Concur.
 

 [1]
 

 . We decline to address the issue of whether the amended complaint was actually prematurely filed.
 

 [2]
 

 . Section 812.014 defines theft as follows:
 

 (1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
 

 (a) Deprive the other person of a right to the property or a benefit from the property.
 

 (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.